**FILED**

MAR 2 2 2013

DAVID CREWS, CLERK

BY_____
                    Deputy

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| BRIAN EARNSHAW | |
| AND | |
| HEATHER EARNSHAW | **PLAINTIFFS** |
| V. | CIVIL ACTION NO. 3:13CV078-M-A |
| DESOTO COUNTY, MISSISSIPPI | |
| DESOTO COUNTY SHERIFF'S DEPARTMENT | |
| BILL RASCO, individually and in his official capacity as Sheriff of DeSoto County, Mississippi | |
| ROGER HUTCHINS, individually and in his official capacity as Deputy Sheriff of DeSoto County, Mississippi | |
| AND | |
| JOHN DOES 1-25, being those persons, firms, corporations or other entities who are in any way responsible to the Plaintiffs for the damages and injuries sustained herein and whose identities are at this time unknown, but will be added by amendment when ascertained | **JURY TRIAL DEMANDED**<br><br>**DEFENDANTS** |

## COMPLAINT

COME NOW the Plaintiffs, BRIAN and HEATHER EARNSHAW, by and

through counsel, who file this <u>Complaint</u> against the Defendants, DESOTO COUNTY,

MISSISSIPPI, DESOTO COUNTY SHERIFF'S DEPARTMENT, BILL RASCO, ROGER HUTCHINS, and JOHN DOES 1-25, and would show unto the Court as follows, to-wit:

## PARTIES, JURISDICTION & VENUE

1.     The Plaintiffs, BRIAN and HEATHER EARNSHAW, husband and wife, hereinafter referred to individually as "Brian" or "Heather," respectively, or collectively as "Plaintiffs" or "the Earnshaws," are adult resident citizens of Shelby County, Tennessee.    Plaintiffs reside at 656 Silverman Drive, Collierville, TN 38017.    At all material times the Plaintiffs were indigent.

2.     Defendant DESOTO COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi.  At all relevant times, this Defendant acted under color of state law.  Moreover, this Defendant was responsible for the tortious acts and/or omissions of its employees, including, but not limited to, the Sheriff and his deputies, when they acted in accordance with the official policies, customs, usages, and practices of this Defendant.    Eleventh Amendment sovereign immunity does not apply to this Defendant; moreover, this Defendant is considered a "person" pursuant to 42 U.S.C. § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Process for this Defendant may be served upon the DeSoto County Chancery Clerk, W. E. Davis, 2535 Highway 51 South, Hernando, MS 38632.

3.     Defendant  DESOTO  COUNTY  SHERIFF'S  DEPARTMENT  is  a department of DeSoto County, Mississippi.  At all relevant times, this Defendant acted

under color of state law. Moreover, this Defendant was responsible, in whole or in part, for the care of the Plaintiffs while they were detained and/or incarcerated as described herein. Eleventh Amendment sovereign immunity does not apply to this Defendant; moreover, this Defendant is considered a "person" pursuant to 42 U.S.C. § 1983. See id. Process for this Defendant may be served upon Sheriff Bill Rasco, 311 W. South Street, Hernando, MS 38632.

4.      Defendant BILL RASCO (hereinafter "Sheriff Rasco") is the duly-elected Sheriff of DeSoto County, Mississippi. At all relevant times, this Defendant acted under color of state law as the final policymaker with respect to all law enforcement decisions within DeSoto County, Mississippi. See Brooks v. George County, 84 F.3d 157, 165 (5th Cir. 1996). As such, Sheriff Rasco had actual or constructive knowledge of the constitutional violations as described herein. See, generally, Zarnow v. City of Wichita Falls Tex., 614 F.3d 161, 167 (5th Cir. 2010). Furthermore, Sheriff Rasco was responsible, in whole or in part, for the care of the Plaintiffs while they were detained and/or incarcerated. Likewise, Sheriff Rasco was responsible for the actions of Deputy Roger Hutchins and all other DeSoto County deputies while acting in the course and scope of their duties pursuant to Miss. Code Ann. § 19-25-23. At all material times, Sheriff Rasco acted as an agent of DeSoto County, Mississippi. Sheriff Rasco may be served with process at 311 W. South Street, Hernando, MS 38632. He is being sued in both his individual and official capacities.

5.     Defendant ROGER HUTCHINS (hereinafter "Deputy Hutchins") is a Deputy Sheriff of DeSoto County, Mississippi.   At all relevant times, this Defendant acted under color of state law in the course and scope of his official duties as an agent of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and/or Sheriff Bill Rasco.  Moreover, at all material times, Deputy Hutchins acted in line with the official policies, usages, customs, or practices that had been established, ratified, or otherwise sanctioned by DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco.  Deputy Hutchins may be served with process at 311 W. South Street, Hernando, MS 38632.  He is being sued in both his individual and official capacities.

6.     Defendants JOHN DOES 1-25 are those persons, firms, corporations or other entities who are in any way responsible to the Plaintiffs for the damages sustained herein and whose identities or precise tortious acts and/or omissions are at this time unknown or undiscovered.   These Defendants will be added by amendment when ascertained, including, but not limited to, unknown deputies who assisted with the arrest, detention, and incarceration of the Plaintiffs.

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and civil rights jurisdiction pursuant to 28 U.S.C. § 1343 for causes of action arising under the Fourth, Fifth, and Fourteenth Amendments to United States Constitution. The federal causes of action are authorized by 42 U.S.C. § 1983.  Furthermore, this Court

has supplemental jurisdiction over the state law claims referenced herein pursuant to 28 U.S.C. § 1367 and Miss. Code Ann. § 11-46-1, *et seq.*

8.      This Court has jurisdiction over the parties because the Defendants may be found in this judicial district and because personal jurisdiction would not violate the traditional notions of fair play and substantial justice.

9.      Venue is appropriate in the Northern District of Mississippi pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PRELIMINARY STATEMENT

10.      This is a federal civil rights/state tort-claims action brought by Brian and Heather Earnshaw against DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and various employees thereof, including Sheriff Bill Rasco and Deputy Sheriff Roger Hutchins.  The purpose of this *Preliminary Statement* is to advise the Court of a previous complaint involving DeSoto County, Mississippi.  The facts alleged therein placed the Defendants on actual notice of the unconstitutional policies, customs, usages, and practices that would later give rise to the allegations forming the basis of this Complaint.

11.      On December 9, 2009, Eddie Carlisle, a non-party to this action, filed a federal complaint against DeSoto County, Mississippi citing violations of his rights

under the Fourth and Fourteenth Amendments to the United States Constitution. Therein, Mr. Carlisle alleges that his civil rights were violated when:

   (a) DeSoto County deputies submitted affidavits, as was their custom, which did not state facts showing probable cause when seeking a warrant for Carlisle's arrest.

   (b) DeSoto County refused, consistent with an unwritten policy, to consider non-financial bail to Carlisle even though indigent defendants are constitutionally entitled to such consideration.

Carlisle v. DeSoto County, Mississippi, Civil Action No. 2:09-cv-212-M-A, Doc. #16 (N.D. Miss 2009) (*Memorandum Opinion*).[1]

12.    In the case at bar, the Plaintiffs, Brian and Heather Earnshaw, allege virtually identical claims as those of Mr. Carlisle. As set forth more particularly below, Deputy Roger Hutchins, acting pursuant to the official policy, custom, usage, or practice of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco, submitted affidavits which did not articulate specific facts showing probable cause when he sought warrants for the Earnshaws' arrests. Moreover, the Defendants refused, consistent with an unwritten policy, to consider non-financial bail for the Earnshaws even though they were indigent. As a direct result of these and other deprivations of their constitutional rights, the Earnshaws spent eight (8) months in jail before being released by the DeSoto County Circuit Court.

---

1 The *Memorandum Opinion* denied DeSoto County's motion to dismiss for failure to state a claim. A copy of this *Memorandum Opinion* is attached hereto as Exhibit "A" and is incorporated herein by reference as if fully copied in words and figures.

13.     As demonstrated by Mr. Carlisle's previous allegations, the actions and/or omissions forming the basis of the Earnshaws' claims were not random occurrences, but were authorized (whether tacitly or overtly) by DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Rasco.    These Defendants did not learn from the actual notice afforded to them by the Carlisle matter. Instead, these Defendants refused to correct the official policies, customs, usages, and practices relating to conclusory arrest affidavits and the lack of consideration for non-financial bail for indigents.  Viewed in this light, the continued actions or inactions of these Defendants appear all the more egregious.  Accordingly, the Plaintiffs respectfully submit that these Defendants should be sanctioned severely, with punitive damages where applicable, for recklessly and/or intentionally violating the Plaintiffs' constitutional rights as described herein.

## FACTS

14.     At all times material to this Complaint, each Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.

15.     At some time prior to December 15, 2011, the Plaintiffs moved in with a friend, David Locke (hereinafter "Locke"), a non-party to this action, in a trailer located at 2615 Odom Road in Hernando, Mississippi.

16.    On December 15, 2011, members of the DeSoto County Sheriff's Department, including Deputy Hutchins, approached the trailer to advise the Plaintiffs and Locke that an anonymous tip had been given to the Sheriff's Department regarding the alleged manufacturing of methamphetamines in that trailer. Locke allowed the deputies to enter the premises.

17.    Upon information, recollection, and belief, the deputies found a bottle of drain cleaner in the bathroom. Consequently, the deputies roped off the bathroom area, secured the bottle of drain cleaner in a bomb box, and began an in-depth search of the trailer and residents including a warrantless search of Heather's pockets. The Plaintiffs and Locke were ushered to the front lawn of the premises and were told to take off their clothes while deputies held up thin plastic sheets. The Plaintiffs and Locke were then told that they were not being arrested, but were merely being detained, and were ordered into various police cars. Ultimately, the Plaintiffs and Locke were taken to the DeSoto County Sheriff's Department for questioning.

18.    Upon information, recollection, and belief, the Plaintiffs were not informed of their Miranda rights. Furthermore, while being questioned at the Sheriff's Department, deputies informed Brian that his wife, Heather, would be released upon his signed admission to his participation in the alleged manufacturing of a controlled substance. Under duress, Brian signed a statement indicating that he had helped a friend of Locke's "shake a bottle" and denying that Heather and Locke had any

participation. Heather was then asked to sign a similar statement, which she refused. Heather also asked to speak with an attorney, but was denied that right.

19. Deputy Hutchins, while acting under color of state law, in the course and scope of his official duties with DeSoto County Sheriff's Department, DeSoto County, Mississippi, and Sheriff Rasco, signed two affidavits alleging felony charges against the Plaintiffs. The affidavits detail no underlying circumstances of the alleged crime. Rather, the affidavits merely conclude that the Plaintiffs manufactured methamphetamine, in violation of the law, with improper intent, in a specific Justice Court district of DeSoto County, against the peace and dignity of the State of Mississippi. These affidavits are attached hereto as Composite Exhibit "B" and are incorporated herein by reference as if fully copied in words and figures.

20. Acting solely upon these affidavits, a Justice Court judge issued arrest warrants for Plaintiffs on December 16, 2011. Bail was set at $25,000.00 for each Plaintiff. These warrants were served upon the Plaintiffs that day, and the Plaintiffs were immediately arrested. Copies of these arrest warrants are attached hereto as Composite Exhibit "C" and are incorporated herein by reference as if fully copied in words and figures.

21. On January 18, 2012, upon information, recollection, and belief, the Plaintiffs were offered a deal whereupon bond would be lowered in exchange for their waiver of a preliminary hearing. Hoping to post bond faster, the Plaintiffs agreed to

this deal.  However, being indigent, they were still unable to post the reduced bond.  As such, the Plaintiffs sat in jail for seven (7) more months.

22.    Upon information and belief, the Defendants were dilatory in delivering the Earnshaws' files to the District Attorney's office so that the matter could be reviewed promptly by the DeSoto County Grand Jury.   Upon information and belief, this dilatory behavior is indicative of an overall policy, custom, usage, and/or practice of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Rasco.

23.    While incarcerated in the DeSoto County Jail, Heather suffered trauma and contusions in deprivation of her civil rights.  On one particular occasion, the specific date and time of which is presently unknown, Heather was tasered and maced simply because she had asked for toilet paper.  On another occasion, the specific date and time of which is presently unknown, she suffered physical injury at the hands of another inmate, who, upon information and belief, is named Berdina Sanders (hereinafter "Sanders").  Heather had been placed in a medical ward with Sanders, who grabbed Heather's hair and banged her head against the brick wall.  Sanders also hit Heather on top of the head and pulled her hair out as well.  Heather suffered both physically and emotionally as a result of these physical assaults.

24.    On August 23, 2012, the Plaintiffs were summoned to appear before the DeSoto County Circuit Court.  At the hearing, the Circuit Judge released the Plaintiffs

on their own recognizance and instructed the assistant district attorney that if no indictment were handed down before October 17, 2012, the case would be dismissed.

25. By October 17, 2012, no such indictment had been issued. Accordingly, the Judge dismissed the case, noting that because no controlled substance had been found on the items tested, the physical evidence did not support the statements that methamphetamine was being manufactured. Copies of these dismissal orders are attached hereto as Composite Exhibit "D" and are incorporated herein by reference as if fully copied in words and figures.

## FEDERAL CAUSES OF ACTION

### COUNT I –DEPRIVATION OF FOURTH AMENDMENT RIGHTS TO BE FREE FROM ILLEGAL SEARCHES AND SEIZURES (42 U.S.C. § 1983)

26. The preceding paragraphs are incorporated by reference herein as if fully alleged.

27. The Earnshaws had the Fourth Amendment right to be free from unreasonable arrest and detention. See Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (U.S. 2011); see also Exhibit "A" at p. 6 (citing Albright v. Oliver, 510 U.S. 266, 274 (1994)). "The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" Id. (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). "An arrest warrant can only be constitutionally issued if there are specific facts present in the submitting officer's affidavit that demonstrate probable cause." Id. (citing Malley v.

Briggs, 475 U.S. 335, 345 (1986)). "A 'bare bones' affidavit stating little more than the accused committed the crime is insufficient." Id. (citing United States v. Brown, 941 F.2d 1300, 1303 (5th Cir. 1991)). Affidavits must supply the magistrate with sufficient information to determine that probable cause exists. Brown, 941 F.2d at 1303.

28. While acting under color of law, the Defendants, jointly and severally, implemented a policy, custom, usage, or practice wherein the Plaintiffs were deprived of their Fourth Amendment rights to be free from unlawful arrest and detention as evidenced by the following acts or omissions:

    a. The use of "bare bones," conclusory affidavits by DeSoto County deputies to obtain arrest warrants is such a persistent, widespread, common, and well-settled practice to constitute a custom that fairly represents the official policy of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco. See Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984).

    b. Deputy Hutchins, acting pursuant to this official policy and custom, provided two "bare bones," conclusory affidavits to the Justice Court stating that the Earnshaws had committed the crime of manufacturing methamphetamine without articulating any specific corroborating facts therein. Lacking any facts or circumstances whatsoever to establish probable cause, these affidavits are facially invalid as a matter of law. See Brown, 941 F.2d at 1303.

c. By citing absolutely no facts or circumstances in the aforesaid affidavits to justify the Plaintiffs' arrest, Deputy Hutchins failed to minimize the danger of the Justice Court issuing unconstitutional arrest warrants. Such behavior was objectively unreasonable in light of clearly-established law at the time of the conduct in question. <u>See Freeman v. Gore</u>, 483 F.3d 404, 410-411 (5th Cir. Tex. 2007). Moreover, because no officer of reasonable competence would have requested arrest warrants based upon facially-invalid affidavits, Deputy Hutchins committed unacceptable error indicative of gross incompetence or neglect of duty, thereby tainting the deliberations of the Justice Court. <u>See</u> <u>Malley</u> 475 U.S. at n.9.

d. As a result of the facially-invalid affidavits that Deputy Hutchins had submitted to the Justice Court, the Defendants obtained two unconstitutional arrest warrants for the Earnshaws. <u>See</u> <u>id.</u> at 345.

e. Based upon the unconstitutionally-issued warrants, which were not supported by probable cause, the Defendants illegally arrested and detained the Plaintiffs, thereby depriving them of their Fourth Amendment rights.

f. Moreover, the dilatory practice of not transferring files from the DeSoto County Sheriff's Department to the Office of the District Attorney in a timely manner and/or of not referring cases to the Grand

Jury in a timely manner are such persistent, widespread, common, and well-settled practices to constitute customs that fairly represent the official policies of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco. See Webster, 735 F.2d at 841 (5th Cir. 1984).

g.  In accord with these practices, the Defendants further deprived the Plaintiffs of their Fourth Amendment rights by failing to submit their case files to District Attorney's Office in a timely manner and/or by failing to report this matter to the Grand Jury until being ordered to do so by the Circuit Court. As a direct and proximate result thereof, the Defendants were allowed to languish in the DeSoto County Jail for a period of eight (8) months.

29.  In addition, while acting under color of law, the Defendants, jointly and severally, implemented a policy, custom, usage, or practice wherein Earnshaws were deprived of their Fourth Amendment rights to be free from unreasonable searches as evidenced by the following:

a.  The Defendants searched Heather Earnshaw's pockets without probable cause and without obtaining a warrant.

b.  The Defendants required the Earnshaws to submit to strip naked outside of their residence without probable cause and without having obtained a warrant.

## COUNT II –DEPRIVATION OF FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS (42 U.S.C. § 1983)

30.    The preceding paragraphs are incorporated herein by reference as if fully alleged.

31.    "The Fourteenth Amendment assures that one arrested for a crime be granted bail unless there is a compelling state interest for its denial." Exhibit "A" at p.8 (citing United States v. Salerno, 481 U.S. 739, 753-54 (1987)).  Incarceration of indigents, without meaningful consideration of alternatives to financial bail, infringes upon both the due process and equal protection requirements of the Fourteenth Amendment. Id. at pp. 8-9 (citing Pugh v. Rainwater, 572 F.2d 1053, 1056 (5th Cir. 1978)).

32.    While acting under color of law, the Defendants, jointly and severally, implemented a policy, custom, usage, or practice wherein the Plaintiffs were deprived of their Fourteenth Amendment rights to due process and equal protection as evidenced by the following acts or omissions:

> a. The lack of consideration of possible alternatives to financial bail for indigents is such a persistent, widespread, common, and well-settled practice to constitute a custom that fairly represents the official policy of DeSoto County, Mississippi.   See Webster, 735 F.2d at 841.
>
> b. At no time was non-financial bail offered to the Earnshaws or otherwise considered by the Defendants.   Instead, DeSoto County, Mississippi, or its agents, offered to reduce the Earnshaws' bail in

exchange for a waiver of their preliminary hearing rights—a Hobson's choice for any indigent person facing incarceration.

c. As a result of this official policy and/or custom of considering no alternatives to financial bail for indigents, Plaintiffs were forced to endure eight (8) months of illegal pretrial confinement and loss of freedom in deprivation of their Fourteenth Amendment rights.

## COUNT III –DEPRIVATION OF FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION  (42 U.S.C. § 1983)

33.      The preceding paragraphs are incorporated herein by reference as if fully alleged.

34.      A pretrial detainee has a right under the Fifth Amendment to be free from self-incrimination. See, generally, Gardner v. Broderick, 392 U.S. 273, 276 (1968).

35.      While acting under color of law, the Defendants, jointly and severally, implemented a policy, custom, usage or practice wherein Brian Earnshaw was deprived of his rights, privileges, and immunities under the Fifth Amendment, by coercing Brian into signing a false statement in which he purportedly admitted to helping a third party "shake a bottle."

36.      The actions of the Defendants, or agents thereof, to secure coerced statements from detainees such as Brian is such a widespread custom, usage, and/or practice within DeSoto County, Mississippi to constitute the official policy of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and/or Sheriff Rasco.

37.     As a direct result of this unconstitutional policy/custom, Brian suffered a deprivation of his Fifth Amendment rights.

### COUNT IV –DEPRIVATION OF FOURTEENTH AMENDMENT RIGHT  TO BE PROTECTED FROM HARMFUL CONDITIONS  WHILE INCARCERATED (42 U.S.C. § 1983)

38.     The preceding paragraphs are incorporated herein by reference as if fully alleged.

39.     As a pretrial detainee, Heather was entitled to be free from punishment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979).  Therefore, she was entitled to protection against police brutality and abuse while being incarcerated, pursuant to the Due Process Clause of the Fourteenth Amendment.

40.     While acting under color of law, Defendants DeSoto County, Mississippi, DeSoto County Sheriff's Department, Sheriff Rasco, and John Does 1-25, jointly and severally, commenced to implement a policy, custom, usage or practice wherein Heather Earnshaw's rights, privileges and immunities were violated, as evidenced by the following acts or omissions:

       a. The Defendants acted maliciously and sadistically when they tasered and maced Heather for asking for toilet paper.

       b. The Defendants acted with deliberate indifference when they placed Heather in a medical ward with the aforesaid Sanders, as they knew or should have known of her propensity for violence.

c. Abusing pretrial detainees and/or prisoners and leaving them unprotected from other more dangerous prisoners is such a widespread custom, usage, and/or practice within DeSoto County, Mississippi to constitute the official policy of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and/or Sheriff Rasco.

d. As a result of this official policy/custom of acting maliciously, sadistically, and/or with subjective deliberate indifference toward pretrial detainees, Heather suffered an unlawful deprivation of her Fourteenth Amendment rights.

### COUNT V –FAILURE TO PROVIDE ADEQUATE SUPERVISION AND TRAINING TO EMPLOYEES (42 U.S.C. § 1983)

41.    The preceding paragraphs are incorporated herein by reference as if fully alleged.

42.    DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco failed to provide adequate and competent training and/or supervision to Deputy Hutchins and the John Doe Defendants referenced herein.

43.    DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco were tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices, and customs that were to be carried out by the deputies employed by the County.

44.     As a direct and proximate result of the failure of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco to develop, implement, and otherwise devise a proper policy of adequate police training and/or supervision for its deputies, the Plaintiffs were deprived of certain constitutional rights, privileges, and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Had such policies been implemented, the deprivation of civil rights as described herein would not have occurred because every deputy employed by the aforesaid Defendants would have been trained in the proper procedures relating to the constitutional rights of pretrial detainees.

45.     The failure of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco to provide adequate training and supervision regarding the rights of persons arrested and incarcerated under the circumstances as alleged by the Plaintiffs herein, amounts to deliberate indifference and blatant disregard for the rights, privileges, and immunities of the Plaintiffs herein and any other person similarly situated.  Thus because of the failure to provide adequate training and supervision, DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco are liable for the deprivation of the Plaintiffs' civil rights as described herein, and by extension, for the damages occasioned thereby. See, generally, Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 452 (5th Cir. 1994); Hinshaw v. Doffer, 785 F.2d 1260, 1262 (5th Cir.1986).

## COUNT VI – FAILURE TO TAKE NECESSARY CORRECTIVE ACTION
### (42 U.S.C. § 1983)

46.     The preceding paragraphs are incorporated herein by reference as if fully alleged.

47.     As evidenced in part by the aforesaid Carlisle matter, Defendants DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco have demonstrated a pattern of practice of basing arrests upon unconstitutionally-issued affidavits.  Moreover, the aforesaid Defendants have demonstrated a pattern of practice whereby indigents are incarcerated for months on end without consideration being given to non-financial bail.   Additionally, the aforesaid Defendants have demonstrated a pattern of practice whereby records pertaining to pretrial detainees are not timely delivered to the District Attorney's Office for prompt investigation and/or submission to the Grand Jury.  These patterns of practice are so persistent, widespread, common, and well-settled to constitute customs that fairly represent the official policy of DeSoto County, Mississippi, the DeSoto County Sheriff's Department, and Sheriff Bill Rasco.  See Webster, 735 F.2d at 841.

48.     Acting with deliberate indifference to the rights of persons such as the Plaintiffs, and with gross negligence in supervising subordinates who commit unlawful acts, the aforesaid Defendants have failed to correct these patterns of practice after being placed upon notice, whether actual or constructive.  The failure to correct these patterns of practice has led to the constitutional deprivations to which the Plaintiffs

now complain. As such, the aforesaid Defendants are liable to the Plaintiffs for the constitutional deprivations alleged herein, and by extension, the damages occasioned thereby. See, generally, Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003).

## MISSISSIPPI CAUSE OF ACTION

### COUNT VII –FALSE IMPRISONMENT

49. The preceding paragraphs are incorporated herein by reference as if fully alleged.

50. On December 12, 2012, counsel for the Plaintiffs delivered a Notice of Claim letter to W.E. Davis, Chancery Clerk of DeSoto County, Mississippi, The DeSoto County Sheriff's Department, Sheriff Rasco, and Deputy Hutchins via certified mail, return receipt requested, pursuant to Miss. Code Ann. § 11-46-11. A copy of the Notice of Claim and the corresponding return receipts are attached hereto as Composite Exhibit "E," and are incorporated herein by reference.

51. More than ninety-five (95) days have passed since the Defendants received the aforesaid notice. Nevertheless, the Defendants have not responded to the Plaintiffs' Claim. Accordingly, sovereign immunity has been waived pursuant to Miss. Code Ann. § 11-46-11.

52. Lacking probable cause, the Defendants unlawfully detained the Earnshaws. In doing so, the Defendants acted without ordinary care, but rather, in reckless disregard for the safety and well being of the Plaintiffs. Moreover, the

Defendants' actions were not discretionary functions. As such, the Defendants are liable to the Plaintiffs for the false imprisonment alleged herein, and by extension, the damages occasioned thereby. See Whitten v. Cox, 799 So. 2d 1, 9 (Miss. 2000).

**DAMAGES INCURRED BY PLAINTIFFS AS A RESULT OF
ALL CAUSES OF ACTION**

53.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

54.     Because of their wrongful arrests, false imprisonment, and the concomitant violations of their civil rights under the Fourth, Fifth, and Fourteenth Amendments as described above, the Earnshaws have suffered damages, both pecuniary and non-pecuniary, which include, but are not limited to, past, present, and future physical, mental, and emotional pain & suffering, loss of consortium, loss of society, loss of wages, and loss of freedom.

55.     The Plaintiffs allege that these damages are in excess of One Million, Two Hundred-Fifty Thousand ($1,250,000.00) Dollars.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray for Judgment against all Defendants, both known and unknown, jointly and severally for:

1.     Compensatory damages in an amount greater than or equal to One Million, Two Hundred Fifty Thousand ($1,250,000.00) Dollars; plus

2.     Punitive Damages where available; plus

Page 22 of 23

3.      Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; plus

4.      Prejudgment and post judgment interest; plus

5.      All costs of this matter; plus

6.      All general relief, whether legal or equitable, that this Court may deem

meet and proper in the premises.

**The Plaintiffs demand a jury trial.**

Respectfully submitted this the 21st day of March 2013.

BRIAN AND HEATHER EARNSHAW

By:      _____
         Matthew Wilson (MSB #102344)
         Attorney for Plaintiff

Prepared by:
Matthew Wilson (MS Bar #102344/ TN BPR #028175/ USPTO Reg. 67,842)
THE LAW OFFICE OF MATTHEW WILSON, PLLC
PO Box 4814
Mississippi State, MS 39762
Telephone: 662-323-2889
Facsimile: 662-323-9988