# EXHIBIT "A" – Memorandum Opinion in <u>Carlisle v. DeSoto County, Mississippi</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDDIE CARLISILE                                                    PLAINTIFF

VERSUS                                             CAUSE NO. 2:09cv212-M-A

DESOTO COUNTY, MISSISSIPPI                                         DEFENDANT

### MEMORANDUM OPINION

This cause comes before the court on Defendant DeSoto County's motion **[5]** to dismiss, or in the alternative, for summary judgment. Plaintiff, Eddie Carlisle, moves **[10]** to strike Defendant's request for summary judgment.

Plaintiff's complaint states that his constitutional rights were violated when:

(1) DeSoto County deputies submitted affidavits, as was their custom, which did not state facts showing probable cause when seeking a warrant for Carlisle's arrest.

(2) DeSoto County refused, consistent with an unwritten policy, to consider non-financial bail for Carlisle even though indigent defendants are constitutionally entitled to such consideration.

### Facts

On December 17, 2007, Detective Sergeant Scott Sanko signed two affidavits alleging felony charges against Carlisle.

Affidavit one stated that Carlisle :

> On or about 29 July 2007, in the county aforesaid, in said Justice District, did, willfully, unlawfully and feloniously take steal and carry away a Toro push mower and a weed eater, the personal property of Jefferson Rooney having the value of $800.



Affidavit two stated that Carlisle :

> On or about 29 July 2007, in the county aforesaid, in said Justice District, did willfully, unlawfully and feloniously an burglariously break and enter attached garage at 6121 Wills Way Cr. Walls, MS 38680 the property of Jefferson Rooney in which valuable things kept for use with intent to steal therein; to wit Grand Larceny.

Acting only on the affidavits, a justice court judge issued arrest warrants for Carlisle that were ultimately served on September 22, 2008.

On September 25, 2008, Carlisle appeared before the Justice Court where he was charged with burglary and grand larceny. His bail was set at $60,000. Carlisle, who was an indigent, could not make bail and was incarcerated. On October 16, 2008 Carlisle's bail was reduced to $5,000. He was still unable to gather the necessary funds. Carlisle remained incarcerated in the DeSoto County Jail until July 9, 2009. There is no reference in the record as to why Carlisle was released. DeSoto County states that Carlisle has not been cleared of the charges. Carlisle does nothing to deny this allegation.

## Standard of Review

This Court reviews DeSoto County's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). Lack of subject matter jurisdiction may be determined based on a: (1) complaint alone; (2) complaint supplemented by undisputed facts evidenced in record; or (3) complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)

If a district court does not conduct an evidentiary hearing on a motion to dismiss, the party

2

seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The court must accept the party's uncontroverted allegations, so long as those allegations are not merely conclusory, and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Id.*

A motion to dismiss under Federal Rule Civil of Procedure 12(b)(6) challenges the legal sufficiency of a complaint and raises an issue of law. In order to give a defendant fair notice of a claim, a plaintiff is required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R Civ. P. 8(a)(2). The Fifth Circuit has held that complaints "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). When reviewing a motion to dismiss under Rule 12(b)(6), the court "accepts all well pleaded facts as true, viewing them in light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "Factual allegations must be [substantial] enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 167 L. Ed.2d. 929. The Fifth Circuit summarizes its standard for dismissal under Rule 12(b)(6) as follows: "viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 106 S. Ct 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133,150, 120 S. Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In doing so, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct at 2110.

## Motion to Dismiss for Lack Subject Matter Jurisdiction

### Analysis:

Carlisle asserts that the Court has federal question jurisdiction under 28 U.S.C. §1331 and civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under the Fourth and Fourteenth Amendments. The action is brought under 42 U.S.C. § 1983. To state a claim under § 1983 a plaintiff must (1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Carlisle asserts that his Fourth Amendment Rights were violated when DeSoto County

adopted a policy allowing its officers to provide insufficient affidavits to judges issuing arrest warrants. It is alleged that these affidavits lacked factual details to support a finding of probable cause for the issuance of an arrest warrant.

Carlisle also claims that DeSoto County's refusal to consider non-financial bail options is a violation of his Fourteenth Amendment equal protection rights.

"Congress intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To claim that DeSoto County is liable for a § 1983 violation, Carlisle must prove that the deprivation of his constitutional rights was inflicted pursuant to an official policy or custom established by the [local] county. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001). Official policy is normally found in promulgated policy statements, ordinances or regulations, but an official policy may also be evidenced by a custom. *Id.* A custom is "a persistent, widespread practice of [c]ity officials or employees, which, although not authorized by officially adopted . . . policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984). In other words, "the unconstitutional conduct must be directly attributable to the municipality by some sort of official action; [however], [i]solated incidents of unconstitutional actions by municipal employees will almost never trigger municipal liability." *Piotrowski*, 237 F.3d at 578. The Supreme Court has held that county is liable under § 1983 for those actions of its sheriff that constitute county "policy". *Monell,* U.S. at 694. The Fifth Circuit has held that "]s[heriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties." *Brooks v. George County,* 84 F.3d 157, 165 (5th Cir. 1996). The Fifth Circuit's cases

5

are clear that "[a] single decision may create municipal liability if that decision [is] made by a final policymaker responsible for that activity." *Woodard v. Andrus,* 419 F.3d 348, 352 (5th Cir. 2005); *see also Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1246 (5th Cir. 1993). Carlisle must also prove that the Sheriff's actions were more than mere negligence before a constitutional violation can be considered. *Sanchez v. Swyden,* 139 F.3d 464, 469 (5th Cir. 1998).

## Motion to Dismiss For Failure to State a Claim

### Analysis of Fourth Amendment Violation:

The Fourth Amendment to the United States Constitution governs the right to be free from unjust arrest and detention. *Albright v. Oliver*, 510, U.S. 266, 274 (1994). The standard for arrest is probable cause, defined in terms of facts and circumstances "sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91 (1964). An arrest warrant can only be constitutionally issued if there are specific facts present in the submitting officer's affidavit that demonstrate probable cause. *Malley v. Briggs,* 475 U.S. 335, 345 (1986). A "bare bones" affidavit stating little more than the accused committed the crime is insufficient. *United States v. Brown*, 941 F.2d 1300, 1303 (5th Cir. 1991).

Carlisle contends that neither of Detective Sanko's affidavits contained any specific facts that could justify the issuance of an arrest warrant, and therefore he was incarcerated in violation of his Fourth Amendment rights. DeSoto County asserts that all essential operative facts required for each element of grand larceny and burglary are provided in the sworn affidavits. *Miss Code Ann. § 97-17-41* (1972) states in part that "(1) every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of five hundred dollars

6

($500.00) or more, shall be guilty of grand larceny." The grand larceny affidavit does not provide any specific proof that Carlisle's actions satisfied these elements. The affidavit only restates the elements and inserts the name of the victim, location of the theft, and what was stolen. There are no facts offered to prove that Carlisle committed this crime or was apprehended in possession of the stolen object. The second affidavit charged Carlisle with the crime of burglary of a dwelling. *Miss Code Ann. § 97-17-23* (1972) states in part that "(1) [e]very person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by commitment to the custody of the department of corrections for not less than (3) three years nor more than (25) twenty-five years." *Miss. Code Ann. § 97-17-31* (1972) states in part, "[e]very building joined to, immediately connected with or being part dwelling house, shall be deemed the dwelling house." The affidavit states that Carlisle committed the elements of the burglary on an attached garage to the victim's dwelling, but it also provides no operative facts to prove such an assertion.

DeSoto County claims that even if the court finds the affidavits lacking, they are not liable for any constitutional violation because the chain of causation has been severed. The Fifth Circuit has held that when facts supporting an arrest are put forth to an intermediary, such as a municipal judge, the intermediary's decision to issue a warrant breaks the causal chain and insulates the initiating police officer from liability. *Wheeler v. Cosden Oil*, 744 F.2d 1131, 1132 (5th Cir. 1984). However, the U.S. Supreme Court held that it is reasonable to require the officer applying for a warrant to minimize the danger of issuing an unlawful warrant by exercising reasonable

7

professional judgment. *Malley v. Briggs*, 475 U.S. 335, 346 (1986). "If no officer of reasonable competence would have requested [such a] warrant" it is an "unacceptable error indicating gross incompetence or neglect of duty." *Id.* at n.9. In light of the error, the officer cannot "excuse his own fault by pointing to the greater incompetence of the magistrate". *Id.* Thus, it is plausible that Carlisle may prove that his Fourth Amendment rights were violated by DeSoto County; therefore, the Court denies DeSoto County's motion to dismiss for failure to state a claim in which relief can be granted.

### Analysis of Fourteenth Amendment Violations:

The Fourteenth Amendment assures that one arrested for a crime be granted bail unless there is a compelling state interest for its denial. *United States v. Salerno*, 481 U.S. 739, 753-54 (1987). In *Pugh v. Rainwater*, a Fifth Circuit panel held that the State of Florida's revised procedures[1] for pretrial bail were unconstitutional because they did not provide a presumption that indigent defendants were entitled to release without financial bail. 557 F.2d 1189, 1194 (5th Cir. 1977). On rehearing *en banc*, the Fifth Circuit held that there was no requirement that written procedures create a presumptive release without requiring financial bail for indigent defendants. *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1978)(en banc). The *en banc* court found Florida's revised bail procedures constitutional because the rules mandated all relevant factors be considered in determining "what form of release is necessary to assure the defendant's appearance." *Id.* The Fifth Circuit maintained that incarceration of those who cannot make

---

[1] In 1971, when this action was instituted, the Florida Rules of Criminal Procedure contained no provision to guide the judge in setting bail. In December 1972, the Florida Supreme Court adopted a comprehensive revision of its Rules of Criminal Procedure. The 1972 revision stated the purpose of bail is to insure the defendant's appearance at trial. The judge shall, therefore, at the defendant's first appearance, consider all available relevant factors to determine whether bail is necessary to assure the defendant's appearance and, if so, the amount of bail.

monetary bail, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements. *Id.*

DeSoto County notes that in *Smith v. City of Tupelo, MS* the trial court held that when a justice court sets a reasonable bond amount it eliminates a plaintiff's liberty interest claim and meets its constitutional requirements. No. 1:05CV266-D-D, 2007 WL 2071811, at *7 (N.D. Miss. July 19, 2007). The Fifth Circuit has not adopted this as the standard of review concerning the constitutional requirements for setting bail. On appeal the Fifth Circuit affirmed summary judgment against Smith's liberty interest claim, but not for the reasons set forth by the trial court. *Smith v. City of Tupelo*, 281 Fed.App'x 279, 283 (5th Cir. 2008). The Fifth Circuit affirmed on the grounds of mootness. *Id.* The Fifth Circuit reviews the constitutional requirements of bail under *Pugh*, which states that the judge must consider all possible factors and forms of bail necessary to reasonably assure the appearance of the defendant. *Pugh*, 557 F.2d at 1201. "[P]rotection standards are not satisfied unless judge is required to consider less financially onerous forms of release before he imposes money bail." *Id.* Stated more plainly, the right to equal protection requires the court to consider all factors when setting bail, and requires that an indigent, whose appearance at trial could reasonably be assured by one of the alternate forms of release, not suffer pretrial confinement because of his inability to post monetary bail. *Pugh*, 281 Fed.App'x at 283; *see also* 16B C.J.S. *Constitutional Law* § 1160 (2010).

According to Carlisle's complaint, no consideration was given to a non-financial bail option. Following Fifth Circuit precedent and viewing all evidence in the light most favorable to the plaintiff, it is possible that Carlisle's Fourteenth Amendment right to equal protection was violated due to DeSoto County's failure to consider non-monetary bail options. DeSoto County's

9

motion to dismiss for a failure to state a claim for which relief cannot be granted is denied.

### Plaintiff's Motion To Strike Defendant's Request for Summary Judgment

Carlisle sets forth three grounds supporting his motion to strike DeSoto County's request for summary judgment:

(1) DeSoto County did not request summary judgment until it filed its Reply Brief, in violation of the local rules.

(2) The attachments to the Reply Brief seeking summary judgment were not authenticated.

(3) Federal Rule of Civil Procedure 56(f) prohibits summary judgment until after adequate time for discovery has elapsed.

Rule 56(f) states that: "[i]f a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or issue any other just order." Fed. R. Civ. Pro. 56(f). DeSoto County's response maintains that summary judgment is appropriate because the facts submitted into the record are dispositive under controlling authority. Further, it argues Rule 56(f) is inapplicable because Carlisle has not demonstrated what discovery is necessary.

"[S]ummary judgment is [only] proper after adequate time for discovery [has elapsed]". *Celotex,* 477 U.S. at 322-23, 106 S. Ct. at 2552-53; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (Likewise, the Fifth Circuit has held that Rule 56 prohibits summary judgment until after adequate time for discovery.) Carlisle has failed to properly

10

present the required affidavit. However, justice requires that parties be given an opportunity to develop legitimately raised claims. As such, the court will deny without prejudice the motion for summary judgment at this time.

### Conclusion

DeSoto County's motion **[5]** to dismiss, or in the alternative, for summary judgment, is denied without prejudice. Plaintiff's motion **[10]** to strike Defendant's request for summary judgment is denied.

This the 30th day of September, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**