# EXHIBIT "E" – Mississippi Tort Claims Letters and Return Receipt Cards

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   The Hon. W.E. Davis
   P.O. Box 949
   Hernando MS
   38632

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature] ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Slugg Davis    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

   [postmark: DEC 1 2 2012 HERNANDO 38632]

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7012 1010 0001 4482 2696

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

HERNANDO MS 38632
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $5.15 | 0162 |
| Certified Fee | $2.95 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $10.45 | 12/10/2012 |

Sent To: The Hon. W.E. Slugg Davis
Street, Apt. No.; or PO Box No.: P.O. Box 949
City, State, ZIP+4: Hernando, MS 38632

7012 1010 0001 4482 2696

PS Form 3800, August 2006    See Reverse for Instructions



EXHIBIT E

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Hon. Bill Rasco
Sherriff
311 West South St
Hernando MS 38632

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [signature]
C. Date of Delivery 12/12/12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7012 1010 0001 4482 2689

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $5.15 | 0162 |
| Certified Fee | $2.95 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $10.45 | 12/10/2012 |

Sent To: The Hon Bill Rasco
Street, Apt. No.; or PO Box No.: 311 West South Street
City, State, ZIP+4: Hernando, MS 38632

PS Form 3800, August 2006   See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dep. Sheriff Roger Hutchins
311 West South St.
Hernando MS
38632

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7012 1010 0001 4482 2672

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

HERNANDO MS 38632
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $5.15 | 0162 |
| Certified Fee | $2.95 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $10.45 | 12/10/2012 |

Sent To: Deputy Sheriff Roger Hutchins
Street, Apt. No.; or PO Box No.: 311 West South St.
City, State, ZIP+4: Hernando, MS 38632

7012 1010 0001 4482 2672

PS Form 3800, August 2006   See Reverse for Instructions



THE LAW OFFICE OF
**MATTHEW WILSON, PLLC**
107-2 West Main Street, Starkville, MS 39759
P.O. Box 4814, MSU, MS 39762-4814
* Admitted in MS, TN and before the USPTO

Matthew Wilson, Attorney at Law *
Telephone: (662) 323-2889
Facsimile: (662) 323-9988
Email: Starkvillelawyer@gmail.com

December 10, 2012

The Hon. W. E. "Sluggo" Davis
Desoto County Chancery Clerk
P.O. Box 949
Hernando, MS 38632

VIA Certified Mail, Ret. Receipt Req., 7012 1010 0001 4482 2696

The Hon. Bill Rasco
Sheriff
Desoto County Sheriff's Department
311 West South Street
Hernando, MS 38632

VIA Certified Mail, Ret. Receipt Req., 7012 1010 0001 4482 2689

Deputy Sheriff Roger Hutchins
Desoto County Sheriff's Department
311 West South Street
Hernando, MS 38632

VIA Certified Mail, Ret. Receipt Req., 7012 1010 0001 4482 2672

President David Oswalt
Desoto County Board of Supervisors
Suite 300
365 Losher Street
Hernando, MS 38632

VIA Certified Mail, Ret. Receipt Req., 7012 1010 0001 4482 2665

Re: Notice of Claim made by Brian Keith Earnshaw and Heather Earnshaw against Desoto County, Mississippi, the Desoto County Board of Supervisors, the Desoto County Sheriff's Department, Desoto County Sheriff Bill Rasco, Deputy Sheriff Roger Hutchins and John Does 1-20

Gentlemen:

Please allow this letter to serve as an official notice of claim made by Brian and Heather Earnshaw, husband and wife. Hereinafter, these individuals will be collectively referred to as "Plaintiffs." Mr. and Mrs. Earnshaw presently reside at 656 Silverman Drive, Collierville, TN 38017. At the time of the incident, they were residing in a trailer located at 2615 Odom Road, Hernando, MS 38632.

This notice of claim is made against: Desoto County, Mississippi, the Desoto County Board of Supervisors, the Desoto County Sheriff's Department, Desoto County Sheriff Bill Rasco, Deputy Roger Hutchens, and presently unknown persons and/or entities as John Does 1-20. John Does 1-20 include but are not limited to those individuals and/or entities who were Defendants' agents, representatives, employees, contractors, sub-contractors and/or independent contractors, whose identities are presently unknown to Plaintiffs, and who played any role in the tortious conduct which forms the basis of this Notice of Claim. Hereinafter, all of these entities

Tort Claims Notice Letter
Re: Brian and Heather Earnshaw
Page 2
December 10, 2012

will be collectively referred to as "Defendants." Such notice is provided pursuant to Miss. Code Ann. §11-46-11 and/or 42 U.S.C. §1983.

The subject notice involves the Plaintiffs' claims against the Defendants for: false arrest, illegal detention/wrongful incarceration/false imprisonment, intentional and/or negligent infliction of emotional distress, and violations of their civil rights as protected by the 4th, 5th, 6th and 8th Amendments to the United States Constitution as incorporated to the states by the 14th Amendment (specifically their right to be free from unlawful searches and seizure, their right to avoid begin a witness against themselves, their right to have assistance of counsel, their right to be free from excessive bail, and their right to be free from cruel and unusual punishment).

Prior to the arrest, the Plaintiffs had moved in with a friend, David Locke, in a trailer located at 2615 Odom Road in Hernando, Mississippi. On December 15, 2011, members of the Desoto County Sheriff's Department, including Deputy Hutchins, approached the trailer to advise the residents that an anonymous tip had been given to the Sheriff's Department regarding the manufacturing of methamphetamines in that particular residence. Locke opened the door and allowed them to enter the premises. Upon an initial search, a bottle of drain cleaner was found in the bathroom. Consequently, the officers roped off the bathroom area, secured the bottle of drain cleaner in a bomb box, and began an in-depth search of the trailer and residents including the searching of Heather's pockets. The Plaintiffs and Locke were ushered to the front lawn of the premises and told to take off all of their clothes while police officers held up a thin plastic sheet. The Plaintiffs and Locke were then told that they were not being arrested, but were being detained, and were ordered into various police cars. Ultimately, they were taken to the Desoto County Sheriff's Department for questioning.

Upon information and belief, at no time were the Plaintiffs informed of their Miranda rights. Furthermore, while being questioned at the Sheriff's Department, officers informed Brian that his wife, Heather, would be released upon his signed admission to his participation in the manufacturing of a controlled substance. Brian signed a statement admitting that he helped a friend of Locke's "shake a bottle" and denying that Heather and Locke had any participation; Brian was arrested and placed in the Desoto County Jail. Heather was then asked to sign a similar statement. Upon her refusal and her simultaneous request to speak to a lawyer, which was denied, Heather was arrested and placed in the Desoto County Jail. Bail was set at $22,000 for each of the Plaintiffs.

A preliminary hearing was set in the matter; however, the Plaintiffs were offered a deal whereupon bond would be lowered in exchange for the waiver of said preliminary hearing. Without an attorney, and hoping to post bond faster, the Plaintiffs agreed to this deal. However, they were not able to find anyone who would be willing to post bond. As such, they continued to sit in jail until August 23, 2012.

Tort Claims Notice Letter
Re: Brian and Heather Earnshaw
Page 3
December 10, 2012

   In the meantime, Heather suffered personal injuries in violation of her civil rights while she was incarcerated in the Desoto County Jail. On one particular occasion, the specific date and time of which is presently unknown, Heather was tazed and maced simply because she had asked for toilet paper. On another occasion, the specific date and time of which is presently unknown, she suffered physical injury at the hands of another inmate, who, upon information and belief, is named Berdina Sanders. Heather had been placed in a medical ward with Sanders, who grabbed Heather's hair and banged her head against the brick wall. She also hit Heather on top of the head and pulled her hair out as well. To this day, Heather still has scars, both physical and emotional relating to this incident.

   On August 23, 2012, the Plaintiffs were summoned to appear before the Circuit Court of Desoto County, Mississippi. At the hearing, the assistant district attorney told the Court that that "the physical evidence does not support the statements that methamphetamine was being manufactured." Moreover, the assistant district attorney stated that "no controlled substance had been found on any of the items tested." The Judge released the Plaintiffs on their own recognizance and instructed the assistant district attorney that if no indictment were handed down before October 17, 2012, the case would be dismissed. True to his word, the Circuit Judge dismissed the case on October 17, 2012 when no indictment was issued. **Copies of these Orders are attached hereto as Exhibits "A" and "B".**

   Defendants arrested the Plaintiffs without sufficient probable cause in violation of their 4th Amendment right to be free from unreasonable seizure. In addition, Defendants searched the Plaintiffs' persons without sufficient probable cause in violation of their 4th Amendment right to be free from unreasonable searches. Furthermore, from the moment they were "detained" to the time they were officially arrested, the Plaintiffs were deprived of their right to meaningful access to counsel under the 6th Amendment. As a direct and proximate result of not being advised of their rights, Mr. Earnshaw was coerced into signing a false confession—in violation of his 5th Amendment right against self incrimination—in exchange for Heather's release, which did not happen. Moreover, the initial bond set for each of the Plaintiffs was too excessive, in violation of their 8th Amendment right to be free from excessive bonds. As such, the Defendants used this excessive bond to their advantage by inducing the Plaintiffs into waiving their right to a preliminary hearing in exchange for a bond reduction; this violated their rights under the 6th Amendment. Moreover, the Defendants were dilatory in examining the physical evidence collected on December 15, 2012 to ascertain if same could have exculpated the Plaintiffs. Had the Defendants been quicker in examining this evidence, the Plaintiffs would have been released from jail much sooner. As a direct and proximate result of these tortuous acts and omissions, the Plaintiffs were illegally detained from December 15, 2011 to August 23, 2012—during which period, Heather Earnshaw further suffered cruel and unusual punishment in violation of her 8th Amendment rights when the Defendants, acting with deliberate indifference, left her in a jail cell with a mentally deranged inmate who caused her personal injuries as described above.

Tort Claims Notice Letter
Re: Brian and Heather Earnshaw
Page 4
December 10, 2012

    The Plaintiffs were not engaged in any criminal activity as evidenced by the Circuit Court's *sua sponte* dismissal of all charges. Nevertheless, the Defendants acted without ordinary care, but rather, in reckless disregard of the safety and well being of the Plaintiffs when they violated the Plaintiffs' rights as described herein. Moreover, the Defendants' tortuous act and omissions as described herein were not discretionary functions.

    As a direct and proximate result of these violations of the laws of the United States and the State of Mississippi, the Plaintiffs have suffered actual damages including, but not limited to: past, present and future physical, mental, and emotional pain and suffering; loss of consortium and loss of society; loss of wages; loss of freedom; as well as violations of their civil rights under 42 U.S.C. § 1983. Accordingly, the Plaintiffs hereby assert their claims for damages in the aggregate amount of $1,250,000.00 (i.e., $500,000.00 for Brian Earnshaw and $750,000.00 for Heather Earnshaw).

    This Notice of Claim is also applicable to any and all of Defendants' deputies and employees who played any role in the subject events. Furthermore, this correspondence provides notice to those employees and deputies as well. Plaintiffs have included the names of all Defendants known to them at this time.

    If you or your attorneys contend that this Notice is defective in any way, or if you or your attorneys contend that someone other than the Defendants specifically named herein are liable for this claim, please contact me immediately and state in writing how you believe the Notice to be defective or who you believe is liable. In the event you believe any other governmental entity or individual associated with such governmental entity is a proper party to be noticed or to receive notice, please let me know in writing, immediately.

    Likewise, in the event that you wish to negotiate a settlement of this claim without the needless expenses of litigation and related cost to taxpayers, please contact me prior to the time when the Plaintiffs will be free to pursue litigation under the Mississippi Tort Claims Act.

    Thank you for your attention to this matter. If you have any questions, or if you wish to present a reasonable counter offer, please feel free to contact me.

Best regards,

Matthew Wilson
Attorney at Law

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.                                             Unindicted charge bound over from
                                                Desoto County Justice Court
BRIAN KEITH EARNSHAW

## ORDER DISMISSING CAUSE

This cause came on for hearing on this day on motion ore tenus of the State of Mississippi, by and through the Office of the District Attorney, for an order dismissing cause arising out of an arrest and charge of manufacture of methamphetamine that occurred on December 15, 2011; the State offering the District Attorney is of the opinion that because no controlled substance was found in the items tested the physical evidence does not support the statements that methamphetamine was being manufactured, and the case might not survive a motion for a directed verdict in light of recent cases presented for trial; and the Court having been advised, does find that said motion is well taken and should be sustained.

IT IS, THEREFORE, ORDERED that the above styled cause be, and the same is hereby dismissed.

The Clerk of this Court is hereby directed to send a certified copy of this Order to the Sheriff of DeSoto County.

SO ORDERED this the __17__ day of __October__, 2012.

                                                _____
                                                ROBERT P. CHAMBERLIN
                                                CIRCUIT COURT JUDGE

_____
Steven Patrick Jubera  102237
Assistant District Attorney

EXHIBIT A

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.                                           Unindicted charge bound over from
                                              Desoto County Justice Court
HEATHER EARNSHAW

## ORDER DISMISSING CAUSE

This cause came on for hearing on this day on motion ore tenus of the State of Mississippi, by and through the Office of the District Attorney, for an order dismissing cause arising out of an arrest and charge of manufacture of methamphetamine that occurred on December 15, 2011; the State offering the District Attorney is of the opinion that because no controlled substance was found in the items tested the physical evidence does not support the statements that methamphetamine was being manufactured, and the case might [PC] not survive a motion for a directed verdict in light of recent cases presented for trial; and the Court having been advised, does find that said motion is well taken and should be sustained.

IT IS, THEREFORE, ORDERED that the above styled cause be, and the same is hereby dismissed.

The Clerk of this Court is hereby directed to send a certified copy of this Order to the Sheriff of DeSoto County.

SO ORDERED this the __17__ day of __October__, 2012.

ROBERT P. CHAMBERLIN
CIRCUIT COURT JUDGE

Steven Patrick Jubera 102237
Assistant District Attorney

EXHIBIT
B