## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**BRIAN EARNSHAW AND HEATHER EARNSHAW**                      **PLAINTIFFS**

**VERSUS**                                    **CAUSE NO. 3:13-CV-078-MPM-SAA**

**DESOTO COUNTY, MISSISSIPPI;**
**DESOTO COUNTY SHERIFF'S DEPARTMENT;**
**BILL RASCO. Individually and in his official capacity**
**as Sheriff of DeSoto County, Mississippi;**
**ROGER HUTCHINS, individually and in his official capacity**
**as Deputy Sheriff of DeSoto County, Mississippi;**
**and JOHN DOES 1-25, being those persons, firms,**
**corporations or other entities who are in any way responsible**
**to the Plaintiffs for the damages and injuries sustained herein**
**and whose identities are at this time unknown, but will be**
**added by amendment when ascertained**                      **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW** Defendants, Desoto County, Mississippi; Desoto County Sheriff's

Department; Bill Rasco, individually and in his official capacity as Sheriff of DeSoto County,

Mississippi; Roger Hutchins, individually and in his official capacity as Deputy Sheriff of DeSoto

County, Mississippi, by counsel, and submit their answer and affirmative defenses to the Plaintiffs'

Complaint.

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may

be granted, including, but not limited to, the defense of qualified immunity as to the individual

Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these

Defendants upon which relief may be granted under <u>Monell v. Dept. of Social Services</u>, 436 U.S.

653 (1977). Plaintiffs' Complaint should accordingly be dismissed. Defendants pray for an early

determination of this issue in the interest of judicial economy.

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

Plaintiffs' Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by its sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(a),(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Wherefore, Defendants move for dismissal of Plaintiffs' state law claims pursuant to *Fed. R. Civ. P.*12 (b)(6). Alternatively, Defendants state that there are no material facts which remain at issue as to either Plaintiffs' status as an inmate or the date of occurrence of the alleged accident, and moves for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.* 12 (c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' conduct was the sole cause of their alleged injuries and damages, if any; alternately, Plaintiffs' conduct was a proximate cause of the incidents forming the basis of this lawsuit. These Defendants assert the protections of the Mississippi apportionment statute, *Miss.*

*Code Ann.* §85-5-7 (Supp 2003). To the extent that Plaintiffs suffered injury as a result of the tortious act of one other than these Defendants or as a result of their own fault, either Plaintiffs or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiffs would otherwise have been entitled must be reduced in accordance therewith.

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants, named and un-named, in this case are entitled to qualified immunity from Plaintiffs' claims against it. This Defendant was a public official in the course of its duties during the incident forming the basis of this lawsuit. Neither Defendant engaged in any conduct which deprived the Plaintiffs of any right, privilege nor immunity protected by the Constitution or Laws of the United States. Additionally, this Defendant's conduct was objectively reasonable in light of clearly established law at the time of its actions in this matter. This Defendant's actions were justified and arguably justifiable in light of the information it possessed and clearly established law. As such, a reasonable officer could have believed its actions lawful during the incident forming the basis of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' official capacity federal constitutional claims are necessarily predicated on the

doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of Sheriff Bill Rasco of DeSoto County, Mississippi, that was the moving force behind the alleged injuries of Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to allege violation of any duty by Defendant bars this cause of action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with DeSoto County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiffs at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiffs' claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendant by reason of the fact that any duty on the part of Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of Defendant substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiffs caused by or in the course of such exercise of authority and discretion, and Plaintiffs' claims are accordingly barred under the doctrine of public official immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of Defendant breach any duty that

was ministerial in nature, causing any legally cognizable harm to Plaintiffs, and for that reason, Plaintiffs' claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails as a matter of law based upon the absence of a violation of a right, clearly established under the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, judicial and prosecutorial immunity, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiffs constituted the sole proximate cause of any injuries they allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiffs were not foreseeable to this Defendant, and therefore, Plaintiffs' claim as to this Defendant should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs which was caused by this Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom and at issue. The instant claims fail as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against the named Defendants in its official capacities under §1983. This Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, §14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## NINETEENTH AFFIRMATIVE DEFENSE

This Defendant is not responsible for any condition of the Plaintiffs that pre-existed the events made the basis of this Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

All terms and conditions of the incarceration of Plaintiffs were rationally related to legitimate penological objectives and not vague or over broad as applied to the inmates of the DeSoto County Detention Center.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims regarding denial of constitutionally adequate bail are barred by the doctrine of judicial immunity and/or *quasi*-judicial immunity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted its affirmative defenses to the Complaint filed herein, and without waiving any such defenses, the Defendants answer the allegations of Plaintiffs' Complaint as follows:

1.      Defendants admit the allegations of Paragraph 1 of the Complaint.

2.      Defendants admit that Desoto County is a Mississippi County considered cognizable under 42 U.S.C. §1983. Defendants deny the remaining allegations of Paragraph 2

-6-

of the Complaint for which an answer is required.

3.     Defendants admit that the Desoto County Sheriff's Department is not a cognizable defendant under 42 U.S.C. §1983. Defendants deny the remaining allegations of Paragraph 3 of the Complaint for which an answer is required.

4.     Defendants admit that Sheriff Bill Rasco has served as Sheriff of Desoto County, Mississippi since December of 2007. Sheriff Rasco was not in direct supervision of any individual named herein and had no direct involvement in this matter. At all relevant times, the actions of Sheriff Rasco were consistent with clearly established law and objectively reasonable. Defendants deny the remaining allegations of Paragraph 4 of the Complaint for which an answer is required.

5.     Defendants admit that Deputy Roger Hutchins is a certified law enforcement officer and a sworn Deputy Sheriff of the Desoto County Sheriff's Department. At all relevant times, the actions of Deputy Roger Hutchins were consistent with clearly established law and objectively reasonable. Defendants deny the remaining allegations of Paragraph 5 of the Complaint for which an answer is required.

6.     No answer is required of Paragraph 6 of the Complaint. Defendants deny all allegations thereof for which an answer is required.

7.     Defendants admit that federal question jurisdiction is proper. Defendants deny the remaining allegations of Paragraph 7 of the Complaint for which an answer is required.

8.     Defendants admit that federal question jurisdiction is proper. Defendants deny the remaining allegations of Paragraph 8 of the Complaint for which an answer is

required.

9.       Defendants admit that venue is proper.

10.      Defendants deny the allegations of Paragraph 10 of the Complaint for which an answer is required.

11.      Defendants deny the allegations of Paragraph 11 of the Complaint for which an answer is required.

12.      Defendants deny the allegations of Paragraph 12 of the Complaint for which an answer is required.

13.      Defendants deny the allegations of Paragraph 13 of the Complaint for which an answer is required.

14.      Defendants deny the allegations of Paragraph 14 of the Complaint for which an answer is required.

15.      Defendants deny the allegations of Paragraph 15 of the Complaint for which an answer is required.

16.      Defendants deny the allegations of Paragraph 16 of the Complaint for which an answer is required.

17.      Defendants deny the allegations of Paragraph 17 of the Complaint for which an answer is required.

18.      Defendants deny the allegations of Paragraph 18 of the Complaint for which an answer is required.

19.      Defendants deny the allegations of Paragraph 19 of the Complaint for which an answer is required.

20.    Defendants deny the allegations of Paragraph 20 of the Complaint for which an answer is required.

21.    Defendants deny the allegations of Paragraph 21 of the Complaint for which an answer is required.

22.    Defendants deny the allegations of Paragraph 22 of the Complaint for which an answer is required.

23.    Defendants deny the allegations of Paragraph 23 of the Complaint for which an answer is required.

24.    Defendants deny the allegations of Paragraph 24 of the Complaint for which an answer is required.

25.    Defendants deny the allegations of Paragraph 25 of the Complaint for which an answer is required.

26.    Defendants deny the allegations of Paragraph 26 of the Complaint for which an answer is required.

27.    Defendants deny the allegations of Paragraph 27 of the Complaint for which an answer is required.

28.    Defendants deny the allegations of Paragraph 28 of the Complaint for which an answer is required.

29.    Defendants deny the allegations of Paragraph 29 of the Complaint for which an answer is required.

30.    Defendants deny the allegations of Paragraph 30 of the Complaint for which an answer is required.

31.     Defendants deny the allegations of Paragraph 31 of the Complaint for which an answer is required.

32.     Defendants deny the allegations of Paragraph 32 of the Complaint for which an answer is required.

33.     Defendants deny the allegations of Paragraph 33 of the Complaint for which an answer is required.  The Fifth Amendment of the United States Constitution is no actionable against a state officer under §1983.

34.     Defendants deny the allegations of Paragraph 34 of the Complaint for which an answer is required.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint for which an answer is required.

36.     Defendants deny the allegations of Paragraph 36 of the Complaint for which an answer is required.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint for which an answer is required.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint for which an answer is required.

39.     Defendants deny the allegations of Paragraph 39 of the Complaint for which an answer is required.

40.     Defendants deny the allegations of Paragraph 40 of the Complaint for which an answer is required.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint for which an

answer is required.

42.    Defendants deny the allegations of Paragraph 42 of the Complaint for which an answer is required.

43.    Defendants deny the allegations of Paragraph 43 of the Complaint for which an answer is required.

44.    Defendants deny the allegations of Paragraph 44 of the Complaint for which an answer is required.

45.    Defendants deny the allegations of Paragraph 45 of the Complaint for which an answer is required.

46.    Defendants deny the allegations of Paragraph 46 of the Complaint for which an answer is required.

47.    Defendants deny the allegations of Paragraph 47 of the Complaint for which an answer is required.

48.    Defendants deny the allegations of Paragraph 48 of the Complaint for which an answer is required.

49.    Defendants deny the allegations of Paragraph 49 of the Complaint for which an answer is required.

50.    Defendants deny the allegations of Paragraph 50 of the Complaint for which an answer is required.

51.    Defendants deny the allegations of Paragraph 51 of the Complaint for which an answer is required.

52.    Defendants deny the allegations of Paragraph 52 of the Complaint for which an

answer is required.

53.    Defendants deny the allegations of Paragraph 53 of the Complaint for which an answer is required.

54.    Defendants deny the allegations of Paragraph 54 of the Complaint for which an answer is required.

55.    Defendants deny the allegations of Paragraph 55 of the Complaint for which an answer is required.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

A)    That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act;

B)    That this Court deny Plaintiffs the relief prayed for in Plaintiffs' prayer for relief, and that Plaintiffs be denied any relief whatsoever;

C)    That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, *Federal Rules of Civil Procedure* and The Mississippi Litigation Accountability Act of 1988, and *Miss. Code Ann.* §11-1-54 (2003).

**RESPECTFULLY SUBMITTED** this 20th day of April, 2013.

> **DESOTO COUNTY, MISSISSIPPI; DESOTO COUNTY SHERIFF'S DEPARTMENT; BILL RASCO; ROGER HUTCHINS, DEFENDANTS**
>
> By:\_\_\_\_/s/\_\_***Daniel J. Griffith***_____
> _____Daniel J. Griffith, MS Bar No. 8366
> _____Attorney for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153

Joseph D. Neyman, Jr., Esq.
**SMITH PHILLIPS MITCHELL
SCOTT & NOWAK**
2545 Caffey Street
P. O. Box 346
Hernando, MS 38632
Phone: 662-429-5041
E-mail: jody@smithphillips.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Daniel J. Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *ANSWER* to be delivered *VIA ECF FILING* to all Counsel of Record.

**DATED** this 20th day of April, 2013.

> /s/ ***Daniel J. Griffith***_____
> \_\_\_\_\_Daniel J. Griffith